UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN RAMOS FERRER,

    Plaintiff,

vs.

GULF COAST CELL PHONES, LLC d/b/a METRO PCS, and SHAHZAD A. FATMI, Individually.

    Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN RAMOS FERRER ("Ferrer" or "Plaintiff") sues Defendants, GULF COAST CELL PHONES, LLC d/b/a METRO PCS, ("Metro"), and SHAHZAD A. FATMI ("FATMI"), individually, (collectively referred to as "Defendants") and state:

### NATURE OF ACTION

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### PARTIES

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. Defendant Metro was, and continues to be, a Florida Limited Liability Company engaged in the transaction of business in Lee County, Florida, with its principal place of business located in Cape Coral, Florida.

4. Upon information and belief, at all times material to this action, Defendant FATMI was and continues to be, a resident of Lee County, Florida.

## JURISDICTION & VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. Defendant Metro is engaged in the business of selling cell phones and service subscriptions to the general public. Defendant Metro's principal place of business is 2708 Santa Barbara Blvd, Cape Coral, Florida 33914. Defendant's business and activities within this judicial district are substantial and not isolated.

7. Individual Defendant FATMI resides in the Middle District of Florida and is the owner of the corporate Defendant Metro.

8. The Middle District of Florida is the proper venue for this action because Defendants reside in the judicial district, and the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

9. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employers," and Plaintiff was an "employee" of Defendants.

10. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

11. At all times material, Defendants had gross sales volume of at least $500,000 annually.

12. At all times material, Defendants have and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

13. At all times material hereto, Plaintiff was "engaged in commerce" and is subject to individual coverage under the FLSA in that:

   (a). The products and materials that Plaintiff used on a regular and recurrent basis, which were supplied to him by his employers to use on the job, moved through interstate commerce; and

   (b). Plaintiff regularly placed and received calls to and from out-of-state customers, prospective customers, vendors, suppliers, as well as purchased supplies to further Defendants' business purposes, and used the internet and Defendants' computer system to perform his job duties.

14. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

**Individual Liability – Defendant Fatmi**

15. At all times material, Defendant Fatmi was the Managing Member and owner of Defendant Metro.

16. At all times material, Defendant Fatmi regularly held and/or exercised the authority to hire and fire employees of Defendant Metro, and to determine the work schedules for the employees of the company. Defendant Fatmi also held and exercised the authority to control the finances and operations of Defendant Metro.

17. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of Metro; (b) determine the work schedules for the employees of Metro; and (c) control the finances and operations of Metro, Defendant FATMI, is an employer as defined by 29 U.S.C. §201 *et. seq.*

## STATEMENT OF CLAIM
### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

18. Plaintiff realleges Paragraphs 1 through 17 as if fully stated herein.

19. At all times material hereto, Defendants owned and operated five Metro franchise locations in Lee County.

20. Defendants hired Plaintiff in or around January 2015. Plaintiff worked at Defendants' various locations, but primarily reported to the Metro store located at 4316 Lee Boulevard Unit 1A, Lehigh Acres, FL 33971.

21. Plaintiff's employment ceased on or around the week of March 9, 2020.

22. While employed, Plaintiff was paid on an hourly basis.

23. Beginning in approximately February 2019 and continuing through his separation, Plaintiff worked hours and workweeks in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

24. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

27. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

28. Due to the unlawful acts of Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages, plus liquidated damages in an equal amount.

29. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that final judgment be entered in his favor against Defendants as follows:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in amounts according to proof;

c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

**Dated: April 17, 2020**

                                  **Respectfully submitted,**

                                  **By:**   /s/   **Jason L. Gunter**

                                       Jason L. Gunter
                                       Fla. Bar No. 0134694
                                       Conor P. Foley
                                       Fla. Bar No. 111977
                                     **GUNTERFIRM**
                                     1514 Broadway, Suite 101
                                     Fort Myers, FL   33901
                                     **Phone:** (239) 334–7017
                                     **Fax:**   (239) 236–8008
                                     **Email:**  Jason@Gunterfirm.com
                                   **Email:**  Conor@Gunterfirm.com