UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN RAMOS FERRER, Individually

    Plaintiff,

v.                                                            Case No.:  2:20-cv-281-FtM-38NPM

GULF COAST CELL PHONES, LLC
and SHAHZAD A FATMI,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Gulf Coast Cell Phones, LLC d/b/a Metros PCS, and Shahzad A. Fatmi's Motion to Dismiss Plaintiff's Complaint (Doc. 10) and Plaintiff Brian Ramos Ferrer's response (Doc. 13).

Ferrer filed this FLSA case against Defendants for unpaid overtime.  He alleges that both Gulf Coast Cell Phones (GCCP) and Fatmi, GCCP's owner and managing member, were his employers as defined by 29 U.S.C. § 201 *et seq.* and that they failed to pay him overtime at the statutory rate.  Defendants argue Ferrer's Complaint is a shotgun pleading because it asserts a single claim against both Defendants.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  Fed. R.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (*quoting Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 (11th Cir. 1999)).

Ferrer's Complaint is not a shotgun pleading. The factual allegations are well organized and clearly stated, and the Complaint adequately notifies Defendants of the claims against them and the facts upon which each claim rests. And pleading jointly against both Defendants is appropriate because Ferrer's claim is based on shared factual allegations. *See Abbasi v. Bhalodwala*, 149 F. Supp. 3d 1372, 1376 (M.D. Ga. 2015) (refusing to dismiss on the grounds of shotgun pleading when "all of the Plaintiff's counts are based on a common factual scenario, and each Defendant is purportedly liable under each count.").

Accordingly, it is now

**ORDERED:**

Defendants Gulf Coast Cell Phones, LLC d/b/a Metros PCS, and Shahzad A. Fatmi's Motion to Dismiss Plaintiff's Complaint (Doc. 10) is **DENIED**. Defendants must file an answer on or before **June 19, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of June, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record